UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK ROLAN VINSON, <br><br> Plaintiff, <br><br> v. <br><br> JOE NOELE, *et al.*, <br><br> Defendants. | CASE NO. 3:19-cv-05788 RBL-JRC <br><br> ORDER TO SHOW CAUSE OR FILE AMENDED COMPLAINT |

The District Court has referred this 42 U.S.C. § 1983 civil rights matter to United States Magistrate Judge J. Richard Creatura under 28 U.S.C. §§ 636(b)(1)(A) and (1)(B) and Local Magistrate Judge Rules MJR 1, 3, and 4. *See* Dkt. 2. The matter is before the Court on plaintiff's complaint. *See* Dkt. 4.

Plaintiff brings claims against "Sheriff Joe Noele," "Super[i]ntend[e]nt David Fortino," and "all jail staff, Jefferson County Sheriff[']s Office," although the precise basis for his claims is unclear. Plaintiff fails to identify any particular acts or omissions by these three defendants that caused constitutional deprivations. Instead, he relies on citations to swathes of Washington

laws or to federal regulations, which do not create a private right of action. Thus, having screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint because it fails to state a claim on which relief can be granted. However, the Court provides plaintiff leave to file an amended complaint on or before **October 30, 2019** to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is *pro se*, proceeds *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff states that he was a client in Western State Hospital until September 2, 2019 and brings claims related to an incident before that, when he was arrested. *See* Dkt. 4, at 6. He indicates that he is a pretrial detainee, who is "[c]ivilly committed[.]" Dkt. 4, at 2.

Although the factual allegations in plaintiff's proposed complaint are somewhat unclear, it appears that he seeks to bring claims for violation of his right to a speedy trial (*see* Dkt. 4, at 7) and for mistreatment by those who arrested him—namely failure to provide him with medical attention for injuries that he had when he was arrested. *See* Dkt. 4, at 6.

## DISCUSSION

### I. § 1915A Screening

Because plaintiff proceeds *in forma pauperis* and against governmental entities and officers, his complaint is subject to screening before service, meaning that if it fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief, this Court may dismiss the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); 28 U.S.C. § 1915A(b). This Court will offer plaintiff an opportunity to amend his complaint to

cure the deficiencies unless it is clear that amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, plaintiff's complaint does not survive screening because it fails to state a claim upon which relief can be granted, as set forth below. However, the Court will offer plaintiff an opportunity to amend his complaint to correct the deficiencies identified in this Order.

**A. Failure to State a Claim**

A complaint must contain a "'short and plain statement of the claim[s] showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although factual allegations need not be detailed, plaintiff must go beyond mere "labels and conclusions" and cannot rely on a "formulaic recitation of the elements of a cause of action[.]" *Id.* Plaintiff cannot simply make "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must set forth the elements of the legal claim—that is, the law underlying the claims—and factual allegations that are sufficient that, taken as true, they establish how defendants acted unlawfully. *See id.* at 678–79.

Further, in a § 1983 action, a plaintiff must establish two basic elements—(1) "the violation of a right secured by the Constitution and laws of the United States" and (2) how "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

///

///

///

### B. "Count I"

Under "Count I" plaintiff lists violation of a federal regulation, "42 CFR 482.13 Parts (2) and (3)," and two sections of Washington statutes, chapter 71.05 RCW and chapter 10.77 RCW. Dkt. 4, at 5.

#### 1. Federal Regulation

Plaintiff appears to be referencing 42 C.F.R. § 482.13(b)(1) ("The patient has the right to participate in the development and implementation of his or her plan of care") and § 482.13(b)(2) ("The patient or his or her representative . . . has the right to make informed decisions regarding his or her care"). These are federal regulations that set forth requirements for hospitals participating in Medicare and Medicaid. *See* 42 C.F.R. § 482.1(b).

"[A]n agency regulation cannot create individual rights enforceable through § 1983." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 935–36 (9th Cir. 2003). This is because only acts of Congress—not the executive—can result in rights that can be vindicated under § 1983. *See id.* at 939. Therefore, plaintiff may not bring a cause of action for violation of § 482.13 under § 1983. Nor can plaintiff bring a free-standing private right of action under § 482.13—as an implied right of action must be created by Congress. *See id.* at 938. As plaintiff relies solely on a regulation and sets forth no statute or other Congressional authorization for a private right of action, he cannot bring a private cause of action to vindicate any violation of § 482.13.

#### 2. Washington Statutes

Plaintiff also cites to chapter 71.05 RCW—a swathe of Washington statutes dealing with "Mental Illness" and chapter 10.77 RCW—dealing with procedures for the criminally insane. It is unclear to this Court which particular Washington statutes plaintiff believes were violated—

which, standing alone, bars his claims. *See, e.g., Conley*, 355 U.S. at 47 (allegations must be sufficient to put defendants on notice of the claims against them).

Further, plaintiff cannot bring a cause of action under § 1983 for violations of Washington State law. *See Galen v. Cty. of L.A.*, 477 F.3d 652, 662 (9th Cir. 2007). To the extent that plaintiff wishes to bring a freestanding claim under state law (that is, a claim independent of his § 1983 claim), he must amend his complaint to state a claim under § 1983 before this Court will exercise supplemental jurisdiction over any state-law claims. *See, e.g.*, *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

### 3. Deliberate Indifference

Liberally construed, plaintiff appears to be asserting inadequate treatment for a medical condition—his complaint contains allegations that he was beaten up by private citizens before he was arrested and that police failed to provide medical care for his injuries from the time that he was arrested until the time that he was brought to Western State. *See* Dkt. 4, at 5–6. He alleges that this caused permanent damage to and pain in his hand, which was broken at the time that he was arrested. *See* Dkt. 4, at 6.

A claim for failure to treat injuries may be cognizable under § 1983 if a plaintiff sets forth facts amounting to deliberate indifference of a serious medical need. That is, a plaintiff who is a pretrial detainee must show that the Fourteenth Amendment was violated because an individual acting under color of state law was deliberately indifferent to the plaintiff's medical needs—

> the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances

|   |   |
|---|---|
| 1 | would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. |
| 2 | |
| 3 | *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). |
| 4 | Importantly, however, as with any § 1983 action for damages, plaintiff would need to |
| 5 | identify particular defendants acting under color of state law who caused the constitutional |
| 6 | deprivation. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' |
| 7 | another to the deprivation of a constitutional right, within the meaning of section 1983, if he does |
| 8 | an affirmative act, participates in another's affirmative acts, or omits to perform an act which he |
| 9 | is legally required to do that causes the deprivation of which complaint is made."). Here, |
| 10 | plaintiff simply asserts a failure to treat and provides no facts from which the Court can discern |
| 11 | which defendants acted with deliberate indifference to him, how they did so, or how their actions |
| 12 | or inactions caused his injury. |
| 13 | Moreover, although plaintiff lists the Jefferson County Sheriff's Office ("all jail staff") as |
| 14 | a defendant (*see* Dkt. 1-1, at 1), if plaintiff wishes to bring a claim for damages under § 1983 |
| 15 | against a local government entity—such as the County Sheriff's Office—he must show that a |
| 16 | policy or custom of the Sheriff's Office caused the constitutional injury. *See Monell v. Dep't of* |
| 17 | *Soc. Servs.*, 436 U.S. 658, 691 (1978). In addition to alleging "that a 'policy or custom' led to |
| 18 | [his] injury," he must further show that the policy or custom "'reflects deliberate indifference to |
| 19 | the constitutional rights of [the County's] inhabitants.'" *See Castro*, 833 F.3d at 1073 (quoting |
| 20 | *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). Plaintiff cannot simply rely on an |
| 21 | allegation of supervisory liability—that is, he cannot simply allege that the County Sheriff is |
| 22 | necessarily liable for any actions taken by its employees (apparently, the jail staff). *See Bd. of* |
| 23 | *Cty. Cmm'rs v. Brown*, 520 U.S. 397, 403 (1997). |
| 24 | |

### C. "Count 2"

Under "Count 2," plaintiff states that his right to a speedy trial has been violated. *See* Dkt. 1-1, at 7. However, again, plaintiff fails to connect any particular defendant or defendants to this alleged constitutional deprivation. *See* Dkt. 1-1, at 7. Instead, he simply reasserts factual allegations regarding failure to treat an alleged injury at the time of his arrest. This is insufficient to state a claim under § 1983 because plaintiff has not explained how any particular action or omission by a defendant caused the deprivation at issue. Nor has he set forth the elements of a claim of deliberate indifference to his medical needs. As such, he must show cause or amend his complaint if he wishes to proceed under § 1983.

### II. Conclusion and Directions to Clerk and Plaintiff

Due to the deficiencies described above, unless plaintiff shows cause or amends his complaint, the Court will recommend dismissal of the complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) each constitutional right that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff should not cite to entire chapters of Washington law as the basis for his claims and should not rely on federal regulations to bring a private cause of action.

If he still wishes to pursue a § 1983 claim, then plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or

typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **October 30, 2019**, the undersigned will recommend dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

Dated this 2nd day of October, 2019.

J. Richard Creatura
United States Magistrate Judge