UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK R. VINSON,

        Plaintiff,

   v.

JOE NOELE, *et al.*,

        Defendants.

CASE NO. 3:19-cv-05788-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 17, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff, who proceeds *pro se* and *in forma pauperis*, initiated this matter in August 2019. *See* Dkt. 1. Because plaintiff has failed to timely update his address, the undersigned recommends dismissing this action without prejudice and revoking plaintiff's *in forma pauperis* status for purposes of any appeal.

Pursuant to Local Civil Rule 41(b)(2), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. If mail sent to a *pro se* plaintiff by the

1  Clerk is returned, and if plaintiff fails to notify the Court and opposing parties of his current
2  mailing address within 60 days of the mail being returned as undeliverable, the Court may
3  dismiss the action without prejudice for failure to prosecute.  LCR 41(b)(2); *see also* Fed. R. Civ.
4  P. 41(b)(2).
5      After the Court's show cause order was returned as undeliverable, the Court ordered
6  plaintiff to update his address and warned plaintiff that it would recommend dismissal of this
7  action without prejudice if plaintiff failed to do so by December 18, 2019.  *See* Dkt. 7.  Plaintiff
8  has not responded to the order to update his address or otherwise taken further action in this
9  matter.  As such, this matter should be **DISMISSED WITHOUT PREJUDICE**.  Moreover,
10 because any appeal from the dismissal would lack an arguable basis in law or fact (*see Gardner*
11 *v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)),
12 plaintiff's *in forma pauperis* status should be revoked for purposes of any appeal.
13     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
14 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
15 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
16 review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver
17 of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
18 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit
19 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 17,**
20 **2020,** as noted in the caption.
21     Dated this 30th day of December, 2019.
22
23                                                 J. Richard Creatura
                                                United States Magistrate Judge
24